**Kenneth Alan YORKO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 998–84.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 6, 1985.

Michael A. Maness, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft and Vance Christopher, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON COURT'S OWN MOTION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was charged by complaint and information with selling an obscene magazine. V.T.C.A., Penal Code, § 43.23. He waived trial by jury and entered a plea of not guilty before the court. The court found appellant guilty and assessed punishment at a fine of $350.00.

On appeal the appellant raised four grounds of error. The Court of Appeals sustained the fourth ground of error that there was no proof that appellant knew the "character" of the magazine as alleged and the evidence was insufficient to support the conviction. The Court of Appeals remanded for a new trial rather than order an acquittal citing *Shealy v. State*, 675 S.W.2d 215 (Tex.Cr.App.1984). Justice Levy dissented believing an acquittal was required.

Appellant filed a petition for discretionary review contending that failure of proof of the "character" of the allegedly obscene material requires an acquittal rather than remand in light of the double jeopardy clause of the Fifth Amendment, United States Constitution. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). This Court refused appellant's petition for discretionary review but granted review on its own motion to consider the sufficiency of evidence.

V.T.C.A., Penal Code, § 43.23, provides in pertinent part:

"(c) A person commits an offense if, knowing its content and character, he:

"(1) promotes or possesses with intent to promote any obscene material or obscene device...."

The information charged in pertinent part that appellant:

"on or about August 30, 1982, did then and there unlawfully and knowing the content and character of the material, intentionally sell to S.R. Jett obscene material, namely, a magazine entitled 'Taboo', Courmet (sic) Edition # 66 which depicts patently offensive representations of actual and simulated sexual intercourse and oral sodomy and anal sodomy."

At the bench trial the following stipulation was entered:

*"Stipulation of Evidence*

"I, the Defendant in the above entitled and numbered cause, in open court, agree to stipulate the evidence in this case and I waive the appearance, confrontation and cross-examination of witnesses. I consent to the oral stipulation of evidence and to the introduction of affidavits, written statements of witnesses and other documentary evidence. I waive my right against self-incrimination and confess the following facts: I, Kenneth Alan Yorko heretofore on or about August 30, 1982 did then and there, ~~unlawfully and~~ knowing the content ~~and character~~ of the material, intentionally sell to S.R. Jett material, namely, a magazine entitled 'Taboo', Gourmet Edition # 66 which depicts ~~patently offensive~~ representations of actual and simulated sexual intercourse and oral sodomy and anal sodomy.

"Against the Peace & Dignity of the State."

It appears the stipulation tracked the allegations of the information, but before being introduced into evidence the words "unlawfully and" and "and character" and "patently offensive" were struck.

After the introduction of the stipulation, the State offered State's Exhibit # 3, the magazine entitled "Taboo" to which offer appellant's counsel stated "No objection." After the introduction, the Court found the magazine obscene. Thereafter appellant was found guilty and the $350.00 fine was imposed.

In assessing the evidence the stipulation does not stand alone. The magazine in question was introduced into evidence without objection. The magazine contains a word-picture story of incest between a mother and her son and depicts acts of sexual intercourse and oral sodomy and other sexual activity. It further depicts the same acts between the mother and other sexual partners and the son and other sexual partners. There are other photographs of group sexual orgy. The cover, front and back, depicts some of the scenes from the magazine.

█ The word "content" is not defined in the statute, V.T.C.A., Penal Code, § 43.23, nor for the Penal Code. Therefore, it must be given its ordinary or common usage. V.T.C.A., Penal Code, § 1.05; Government Code, Chapter 311, § 311.011 (Acts 1985, 69th Leg., ch. 479, p. 3245, eff. Sept. 1, 1985). *Ely v. State*, 582 S.W.2d 416 (Tex. Cr.App.1979). "Content" is defined in The Reader's Digest Great Encyclopedic Dictionary (1966) as "1. usually pl. That which a thing contains: the contents of a box or book. 2. Subject matter substance, as of a document...."

The Random House Dictionary of the English Language, Unabridged Ed. (1967), defines "content" as "1. usually contents a. something that is contained: the contents of a box b. the subjects or topics covered in a book or document...."

Like "content" the word "character" is not defined in the statute nor for the pur-

pose of the Penal Code. It also should be given its ordinary or common usage.

The Random House Dictionary of the English Language (1967) defines "character" as "1. the aggregate features and traits that form the apparent individual nature of some person or things 2. one such feature or trait; characteristic 3. moral or ethical quality: They knew he was a man of fine, honorable character...."

"Character" is also defined as "II a trait or sum of traits conferring distinctiveness." Webster's New International Dictionary, 2nd Ed., unabridged (1944).

In the instant misdemeanor case we have not only the stipulation but the very magazine in question. The stipulation, with some of its provisions struck, before introduction, purports to be an instrument in which some of the facts but not all facts in the case were agreed to by the parties. Certainly, at least in civil practice, reasonable deductions or inferences may be drawn from the facts set out in such a stipulation. See *Farah v. First Nat. Bank of Fort Worth*, 624 S.W.2d 341 (Tex.App. 1981), writ ref'd. n.r.e.); *Parsons v. Watley*, 492 S.W.2d 61 (Tex.Civ.App.1973, no writ). Further, in *Ledesma v. State*, 677 S.W.2d 529 (Tex.Cr.App.1984), a misdemeanor case, this Court rejected the agreed case analysis which prohibits any deductions or inferences to be drawn from the stipulated facts in such a case. See Tex.R. Civ.P.Ann. 263 (1963).

In *Ledesma* this Court stated:

"It would be inconceivable that a trier of facts could not make inferences from stipulated facts."

█ Among other things appellant stipulated that knowing the content of the material, he did intentionally sell the magazine in question. The trial court, as trier of the facts, could draw reasonable deductions and inferences from the stipulation. In addition the magazine, the entire contents of which were before the court, is obviously obscene as declared by the trial court. The evidence clearly appears sufficient to support a finding that appellant knew the "character" of the magazine and that it

was "patently offensive" and the act charged was "unlawful."

This Court must view the evidence in the light most favorable to the court's judgment. In this light the standard is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 563 (1979). This standard for review of the sufficiency of the evidence to sustain a conviction is now the same in both direct and circumstantial evidence cases. *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984).

Applying this standard, it is clear that a rational trier of the facts could have found from the evidence beyond a reasonable doubt all the essential elements of the offense.[1]

The judgment of the Court of Appeals is reversed and the cause remanded to that court for consideration of appellant's other grounds of error.

1. In *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App. 1983), it was held that the presumption of knowledge contained in V.T.C.A., Penal Code, § 43.23(e), was unconstitutional. That "presumption of knowledge" is not here utilized. In *Shealy v. State*, 675 S.W.2d 215 (Tex.Cr.App. 1984), cited by the Court of Appeals, the defendant, a store clerk, was convicted of violating § 43.23(a)(1), as was the appellant. The evidence in *Shealy* is clearly distinguishable from the facts and stipulations entered in the instant case. Based on *Shealy* the Court of Appeals stated it could not consider the cover of the magazine in the instant case. Here the appellant stipulated he knew the contents of the book and intentionally sold it, and the magazine was introduced into evidence.