**William A. O'KEEFE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–00438–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 5, 1998.

Kimberly De La Garza, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

HEDGES, Justice.

Appellant pled guilty to driving while intoxicated. He appeals the trial court's denial of his pretrial motion to suppress. We affirm.

### BACKGROUND

Appellant was charged with misdemeanor driving while intoxicated. He filed a pretrial motion to suppress all evidence obtained pursuant to his arrest. He and the State entered into agreed stipulations for the motion to suppress. After the trial court denied the motion, appellant pled guilty. Punishment was assessed, pursuant to a plea bargain, at confinement in jail for 180 days, probated for one year, and a $400 fine.

### STANDARD OF REVIEW

We review a ruling on a motion to suppress evidence in the light most favorable to the trial court's ruling. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). When reviewing a question of law based on undisputed facts, we apply de novo review. *Guzman,* 955 S.W.2d at 89 (holding that de novo review applies when reviewing a mixed question of law and fact which does not turn

on an evaluation of credibility and demeanor).

## STIPULATED EVIDENCE

In points of error one, two, and three, appellant argues that the trial court erred in not granting his motion to suppress because the stipulated evidence was too conclusory to establish probable cause for the officer's stop and appellant's arrest. We address these points of error together.

### Statement of Facts

The State and appellant stipulated that the arresting officer stopped appellant because he concluded that appellant committed two traffic offenses: (1) failing to maintain a single marked lane; and (2) disregarding an official control sign (no right turn on red). They further stipulated that the arresting officer arrested appellant for DWI based on his observations of the following: (1) appellant's failure of the field sobriety tests; (2) appellant's driving; (3) appellant's demeanor; (4) the odor of an alcoholic beverage; and (5) appellant's admission that he had consumed alcohol.

■ Appellant argues that the stipulation was too conclusory in that there is no evidence to establish the basis for Siebert's conclusion that appellant failed to maintain a single marked lane, or that he had made an illegal right turn at a red light. We disagree. The level of detail sought by appellant is not required in light of inferences reasonably drawn from the stipulated evidence. *See Yorko v. State*, 699 S.W.2d 224, 226 (Tex.Crim.App.1985).

We overrule points of error one, two, and three.

## BREATH TEST REFUSAL

In points of error four and five, appellant argues that evidence of his refusal to submit to the breath test should have been suppressed. We disagree.

### Statement of Facts

Appellant was taken to the Cypresswood police station where Deputy Vasquez asked him to submit a specimen of his breath for testing. Deputy Vasquez read appellant the DWI statutory warning, but he did not give appellant the written warning forms at that time. Appellant refused to submit to the intoxilyzer test. Deputy Siebert, the arresting officer, then gave appellant the written warning forms and read them to him orally. At this time, appellant refused to sign the written statutory warning form DIC 24 and refused to give a breath specimen. Appellant was not asked to submit to a test after receiving the written warnings because he had already refused.

### 1. Relevance of the Refusal

In point of error four, appellant claims that the evidence of his refusal to submit to the breath test should have been suppressed because the State failed to make a preliminary showing of relevance. He argues that the trial court erred because: (1) the State did not show that his refusal was due to his subjective belief that he was intoxicated; and (2) the State did not show the objective accuracy and reliability of the breath test instrument. We disagree.

■ The admissibility of refusal evidence is not predicated on the reason for the refusal. *Jamail v. State*, 787 S.W.2d 380, 381 (Tex.Crim.App.1990), *overruled in part, Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim. App.1991); *see also Ex parte Jamail*, 904 S.W.2d 862, 865 (Tex.App.—Houston [1st Dist] 1995, pet. ref'd). The State is not required to show what the defendant was thinking at the time he refused the breath test. *Moore v. State*, 981 S.W.2d 701, 709 (Tex.App.—Houston [1st Dist.] 1998, no pet. h.). Moreover, the admissibility of a defendant's breath test refusal is not predicated on the State's showing that the instrument was accurate and reliable. *Id.* at 709.

We overrule point of error four.

### 2. Adequacy of the Warnings

In point of error five, appellant claims that the trial court erred in refusing to suppress evidence of his refusal to take the breath test. He contends that evidence of his refusal should be suppressed because he was not provided both oral and written warnings of the consequences of his refusal before the

request that he submit a specimen. We disagree.

Section 724.015 of the Texas Transportation Code provides that "[b]efore requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing" of the statutory warnings provided under section 724.015, which include the consequences of refusing to submit to the test. The purpose behind section 724.015 is "to ensure that a person who refuses to give a requested specimen does so with a full understanding of the consequences." *Nebes v. State,* 743 S.W.2d 729, 730 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

 In the present case, appellant was orally warned by Deputy Vasquez without a written warning. Appellant refused to submit a breath specimen. Deputy Siebert then gave appellant the written warning form DIC 24, and again orally warned him. Appellant refused again. The parties stipulated that "Deputy Siebert did not ask the Defendant to submit a breath sample *after* giving him the statutory warning form DIC 24." Deputy Siebert did not have to do so *after* giving and reading the form DIC 24 because he did so *during* the reading of the form, according to the text of the form. The form states: "I am now requesting a specimen of your breath." It then states: "Subject refused to allow the taking of a specimen...."

The trial judge could have reasonably concluded that Deputy Siebert complied with the section 724.015 of the Transportation Code, and that appellant expressly refused to submit a breath specimen at the time he was warned.

However, appellant argues that he was not allowed a chance to change his mind when Deputy Siebert gave him the written warning. The stipulations state: "According to Deputy Siebert, the Defendant was not permitted to change his mind and take a breath test at this point [*after* receiving the oral and written warnings] because he had already refused when asked by Deputy Vasquez." Appellant does not contend that he changed his mind or that he asked for a breath test or that the State refused him a breath test. He instead argues that he was not allowed a chance to change his mind, after he received the oral warning and the written warning. The statute does not require a third opportunity to refuse. Appellant had already refused twice: once after an oral warning and once during the reading of the written warning.

Having found evidence supporting the trial judge's implied ruling that Deputy Siebert complied with the section 724.015, we overrule point of error five.

We affirm the trial court's judgment.