William Wayne **ROWLAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–97–00873–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 19, 1998.

Rehearing Overruled Jan. 4, 1999.

---

W. Troy McKinney, Houston, for Appellants.

John B. Holmes, William Delmore, III, Houston, for Appellees.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

NUCHIA, Justice.

Appellant, William Wayne Rowland, was charged with driving while intoxicated. Appellant entered a plea of nolo contendere, pursuant to an agreement, and was assessed 180 days in confinement, suspended for one year community supervision, and a fine of $300. We affirm.

## BACKGROUND

Appellant filed a motion to suppress the evidence claiming the arresting officer lacked reasonable suspicion and probable cause to stop him or arrest him for DWI. At the motion hearing, the State and appellant entered into an agreed stipulation of facts, and appellant submitted these to the court as the evidence. The court denied the appellant's motion to suppress, and appellant entered his plea of nolo contendere.

## DISCUSSION

### A. Challenge to the Stipulation

In points of error one, two, three, and four, appellant complains that the stipulation is too conclusory to establish probable cause to justify his stop and arrest because it does not set out the specific facts underlying the officer's conclusions. Accordingly, we address these points of error together.

Appellant drafted an "Agreed Stipulation for Motions to Suppress," which was signed by the attorneys for the defendant and for the State. The stipulation stated in relation to the traffic stop:

### A. Probable Cause for the Stop Facts

Houston Police Officer Benaske, in a marked car, received a report that plain clothes Houston Police Officers B. Hall and L.B. Nicks wanted a marked unit to make a warrantless traffic stop of the Defendant because they concluded he committed two traffic offenses, i.e., running a red light at the intersection of Heights and Interstate—10 service road and swerving lane to lane. As requested, Officer Benaske, also concluding the Defendant was weaving and speeding, made the traffic stop of the Defendant in the east bound 1500 block of IH–10.

The stipulation in relation to the probable cause for the arrest states:

### B. Probable Cause for the Arrest

Having stopped the Defendant, Officer Benaske began a driving while intoxicated investigation. Based upon the Defendant's demeanor, his failure of the field sobriety tests and the odor of an alcoholic beverage, Officer Benaske arrested William Wayne Rowland without incident and thereafter transported him to the Houston Police Department for further DWI investigation, i.e., videotaping and for an intoxilyzer test request.

Appellant did not call the trial court's attention to the stipulation's purported defects that now form the basis of his argument on appeal. A defendant cannot agree to submit a case on stipulated evidence, prepare the stipulation, and submit it into evidence, and then attack it for the first time on appeal on the grounds that the stipulation is too conclusory. TEX.R.APP. P. 33.1(a)(1)(A) (the record must show the complaint was made to the trial court with sufficient specificity to make the trial court aware of the basis for the complaint). The trial court was entitled to draw reasonable inferences and deductions from the stipulation. *Yorko v. State,* 699 S.W.2d 224, 226 (Tex.Crim.App.1985). Ap-

pellant waived any error regarding the conclusive nature of the stipulation because he did not make that complaint in the trial court.

We overrule points of error one, two, three, and four.

## B. Adequacy of Warning on Refusal to Provide a Breath Specimen

■ In point of error five, the appellant claims that the trial court erred in refusing to suppress the evidence of his refusal to take the breath test. Appellant asserts that his refusal to submit to the breath test is inadmissible, under article 38.23 of the Texas Code of Criminal Procedure, because he was not provided with a written copy of the statutory warnings prior to the request to submit to the breath test.

Appellant was taken to the police station where he was asked to submit a specimen of his breath for testing. Appellant received the oral DWI statutory warning required under section 724.015 of the Texas Transportation Code, at which time he refused to submit to the test. Officer Sanders did not give appellant the statutory warnings in writing before requesting the specimen, rather the written warning was supplied after appellant had refused to submit to the breath test. Appellant, upon receiving the written warnings, signed the form stating his refusal.

Section 724.015 provides, "*Before* requesting a person to submit to the taking of a specimen, the officer shall inform the person orally *and* in writing" of the statutory warnings provided under section 724.015, which include the consequences of refusing to submit to the breath test. TEX. TRANSP. CODE ANN. § 724.015 (Vernon 1998) (emphasis added). The purpose behind section 724.015 is "to ensure that a person who refuses to give a requested specimen does so

with a full understanding of the consequences." *Nebes v. State*, 743 S.W.2d 729, 730 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (discussing article 6701*l*–5, section 2(b) of the Texas Revised Civil Statutes).[1]

There is no evidence in the record that the failure to provide appellant with the written statutory warning prior to the request to submit a specimen impacted the appellant in an adverse manner. *Jessup v. State*, 935 S.W.2d 508, 511 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd) (stating that once the appellant received the written warnings, if he had not understood the oral warning he could have changed his mind and submitted to the test); *see also Lane v. State*, 951 S.W.2d 242, 244 (Tex.App.—Austin 1997, no pet.). By signing the written warning, appellant asserted that he understood the consequences and reaffirmed his refusal. Appellant continued to refuse the test after the oral warnings were provided and he had read and signed the written warnings signifying his reaffirmation of his refusal.[2]

Since appellant has shown no causal connection between his refusal and the fact that he was not given the written warnings before he refused the breath test, we hold that the trial court did not err in refusing to grant the appellant's motion to suppress.

We overrule point of error five.

We affirm the trial court's judgment.

---

1. Section 2(b) of former article 6701*l*–5 of the revised civil statutes is the predecessor to section 724.015 of the Transportation Code. *See* Act of June 6, 1983, 68th Leg., R.S., ch. 303, § 4, 1983 Tex. Gen. Laws 1568, 1577, *amended by* Act of June 19, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3523, *repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1819–22 (current version at TEX. TRANSP. CODE ANN. § 724.015 (Vernon 1998)).

2. This case is distinguishable from *Janak v. State*, 826 S.W.2d 803 (Tex.App.—Texarkana 1992, no pet.), which the appellant cites in support of his contentions. In *Janak*, unlike the present case, there was *no* evidence that the written warning was provided to the appellant. *Id.* at 805.