**Guy Norman MATHIEU, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–97–00986–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 20, 1999.

J. Gary Trichter, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION ON MOTION
## FOR REHEARING

NUCHIA, Justice.

Appellant, Guy Norman Mathieu, was charged with driving while intoxicated (DWI). Appellant entered a plea of guilty, pursuant to an agreement, and was assessed 180 days confinement, suspended for one year community supervision, and a fine of $400. In response to our March 11, 1999 opinion, appellant filed a motion for rehearing. The motion for rehearing is denied. We withdraw our opinion dated March 11, 1999, and substitute this opinion in its stead. We affirm the judgement of the trial court.

### BACKGROUND

Appellant filed a motion to suppress the evidence, claiming the arresting officer lacked reasonable suspicion and probable cause to arrest him for DWI. At the motion hearing, the State and appellant entered into an agreed stipulation of facts, and appellant submitted these to the court as the evidence. The court denied appellant's motion to suppress.

### DISCUSSION

#### A. Challenge to the Stipulation

In points of error one, two, three, and four, appellant complains that the stipulation is too conclusory to establish probable cause to justify his arrest because it does not set out the specific facts underlying the officer's conclusions. Accordingly, we address these points of error together.

When presented with a question of law based on undisputed facts, we apply *de novo* review. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Where the resolution of mixed questions of law and fact turns on an evaluation of credibility and demeanor, we still review the evidence in the light most favorable to the trial court's ruling. *Id.* at 89.

Appellant drafted an "Agreed Stipulation for Motions," which was signed by the attorneys for the defendant and for the State. The stipulation stated in relation to the detention:

#### A. Probable Cause for the Stop Facts

Deputy Hazel was dispatched to a report of an accident at F.M.1960 and Jones Road at 11:54 p.m., on April 18, 1997. It was reported that the four-car accident had occurred at 11:50 p.m. After his arrival at 11:55 p.m., Deputy Hazel began his accident investigation. At 12:00 a.m., on April 19, 1997, Deputy Constables Robin Horn and Shawn Denison also arrived to assist Deputy Hazel with the investigation. The Deputies interviewed Darrell Scott, Ann Tully, Anthony White, Lynn White, Louis Arteaga, Douglas Ray Douglas and Brad Everett Brabham and concluded that a four-car accident had occurred because the Defendant's vehicle had run a red light while driving southbound on Jones Road at F.M.1960. The Deputies then detained the Defendant to further their investigation. It is agreed for purposes of the Defendant's motions that he was the driver of the vehicle.

The stipulation in relation to the probable cause for the arrest states:

#### B. Probable Cause for the Arrest

Having detained the Defendant for the accident investigation, Deputy Hazel began a driving while intoxicated investigation. Based upon the Defendant's demeanor, his failure of the field sobriety

tests and the odor of an alcoholic beverage, Deputy Hazel arrested GUY NORMAN MATHIEU at 12:15 a.m. on April 19, 1997, without incident and thereafter transported him to the Harris County Sheriff's Office Substation at Cypress-wood for further DWI investigation, i.e., videotaping and for an intoxilyzer test request. The Deputy made this arrest because, in his opinion, the Defendant lost normal use of his mental and physical faculties because of alcohol.

Appellant argues that the "Agreed Stipulation for Motions" was too conclusory in that there is no evidence to establish Deputy Hazel had probable cause to arrest appellant for DWI. We disagree. The level of detail sought by appellant is not required in light of inferences reasonably drawn from the stipulated evidence. *See Yorko v. State*, 699 S.W.2d 224, 226 (Tex. Crim.App.1985); *O'Keefe v. State*, 981 S.W.2d 872, 874 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

We overrule appellant's first, second, third, and fourth points of error.

### B. Suppression of Evidence based on Illegal Arrest

In point of error five, appellant argues the trial court erred in denying his motion to suppress because the evidence was obtained pursuant to an unlawful, warrantless arrest. Appellant argues an officer may not make a warrantless arrest for DWI under Texas law where the officer does not see the suspect driving.

We note the police officer would have been justified in arresting appellant for public intoxication. The term "public intoxication" applies to a person who appears in a public place while intoxicated to the degree that he may endanger himself or another. *See* TEX. PENAL CODE ANN. § 49.02(a) (Vernon 1994). Whenever an intoxicated person is in an officer's presence and there is probable cause to arrest him for public intoxication, the officer may do so without a warrant, even though a warrantless arrest of that person for the offense of driving while intoxicated would be unlawful. *Reynolds v. State*, 902 S.W.2d 558, 559–60 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). The arrest is not invalid just because the officer labels the offense "driving while intoxicated." *See Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Crim.App.1982); *Reynolds*, 902 S.W.2d at 560.

Deputy Hazel formed the opinion appellant was intoxicated and had lost the normal use of his mental and physical faculties based on the fact that appellant had the odor of an alcoholic beverage and had failed the field sobriety tests. Additionally, appellant had been driving a vehicle that caused a four-car accident. This knowledge provided the officer sufficient probable cause to believe that appellant was intoxicated and that he had shown himself to be a danger to others. *See Carrasco v. State*, 712 S.W.2d 120 (Tex. Crim.App.1986) (officers who observed symptoms of intoxication in driver of car involved in one-car accident had sufficient probable cause to believe she posed danger to herself or others to arrest for public intoxication); *Porter v. State*, 969 S.W.2d 60, 65 (Tex.App.—Austin 1998, pet. ref'd) (officers who observed symptoms of intoxication in driver of car in accident causing a fatality had sufficient probable cause to believe defendant posed danger to himself or others).

Since Deputy Hazel had probable cause to arrest appellant for public intoxication, we need not address whether a warrantless arrest for DWI was authorized. Therefore, the trial court did not err in denying the motion to suppress.

We overrule appellant's fifth point of error.

### C. Suppression of Reading of *Miranda* Warnings to Appellant on Videotape

In points of error six and seven, appellant asserts the trial court erred in refusing to suppress the audio of the reading of the *Miranda* warnings to appellant on the

videotape in violation of the Texas Constitution and the United States Constitution.

In the trial court, appellant moved to suppress the audio reading of his *Miranda* warnings as well as the audio of his request for counsel. The trial court suppressed the audio portion of the video in which appellant requests counsel; however, the trial court denied appellant's motion to suppress the audio portion of the video of Hazel giving appellant his *Miranda* warnings.

■■■ The State may not penalize an individual for exercising his Fifth Amendment rights when he is under police interrogation. *Hardie v. State,* 807 S.W.2d 319, 322 (Tex.Crim.App.1991). Evidence of an individual's invocation of his right to counsel is inadmissible as evidence of guilt. *Id.* A DWI videotape, however, should not be suppressed unless the police seek to elicit a testimonial response not normally incident to arrest and custody, or the police conduct is reasonably likely to elicit such a response. *Jones v. State,* 795 S.W.2d 171, 176 (Tex.Crim.App.1990). A police request to perform the sobriety tests and directions on how to do the tests do not constitute interrogation; neither do queries concerning a suspect's understanding of his rights. *Id.*

Appellant asserts that *Dumas v. State,* 812 S.W.2d 611 (Tex.App.—Dallas 1991, pet. ref'd), is on point with the present case. We disagree. In *Dumas,* the trial court admitted into evidence the audio portion of the videotape in which the jury was allowed to hear the interrogating officer give the defendant his *Miranda* warnings and ask him if he wanted to waive his rights. *Id.* at 614. The volume was then turned down to exclude the defendant's refusal to waive his rights. The Dallas Court of Appeals held that it was harmful error to allow the jury to hear the officer give the *Miranda* warnings and ask the defendant if he wanted to waive them and then turn the volume down, because it led the jury to the conclusion that the defendant had invoked his right to remain silent. *Id.*

In *Morris v. State,* 897 S.W.2d 528, 532–33 (Tex.App.—El Paso 1995, no pet.), the El Paso Court of Appeals distinguished *Dumas.* In *Morris,* the arresting officer only asked the defendant if he understood his rights after reading his *Miranda* warnings. *Id.* at 533. Then the officer demonstrated some sobriety tests, had further conversations with the defendant, again read the defendant his *Miranda* warnings, and then asked him if he would perform the tests. The defendant informed the arresting officer at that point he wished to terminate the interview. The El Paso Court of Appeals held that it was not error for the trial court to refuse to suppress the reading of the *Miranda* rights the first time. *Id.* The court held that since the defendant did not immediately invoke his rights following the first reading of his *Miranda* rights, the audio would not have led the jury to conclude that appellant had exercised his rights. *Id.*

■■ The rule stated by the Dallas and El Paso Courts of Appeals in *Dumas* and *Morris* is that the reading of the *Miranda* warnings by themselves are not suppressible, unless the reading in conjunction with the turning down of the audio could lead the jury to the conclusion that the defendant invoked his rights. *Dumas* held the reading of the question along with the following sound deletion could have lead to such a conclusion. 812 S.W.2d at 614. *Morris* held that an extended time period between the reading of the *Miranda* warnings and the sound deletion did not lead to that conclusion. 897 S.W.2d at 533. We agree with the Dallas and El Paso Courts of Appeal.

■■ In the present case, the trial court judge informed appellant that his request for counsel would be suppressed and the volume would be turned down during that portion of the audio; however, the reading of appellant's *Miranda* warnings would not

be suppressed.[1] The videotape reflects the following events:

(1) The tape begins at 12:58:35 a.m., with Hazel explaining and demonstrating the field sobriety tests, which appellant performed;

(2) at 1:04:05 a.m., Hazel read appellant his *Miranda* warnings; following each warning Hazel asked appellant if he understood that right, to which appellant responded, "Yes";

(3) the last *Miranda* warning was given to appellant at 1:04:40 a.m.;

(4) Hazel then told appellant to continue standing on the line and to keep his arms at his side;

(5) at 1:05:01 a.m. Hazel asked appellant, "Were you operating a motor vehicle?" to which appellant responded "Yeah";

(6) after a short discussion, Hazel informed appellant that he was asking appellant questions about the incident, and at 1:05:20 a.m. appellant requested to speak to his attorney;

(7) Hazel immediately ended his questions, and read appellant his DWI statutory warnings.

The videotape clearly establishes that appellant did not immediately invoke his rights after they were explained to him; rather it was after a period of time and several questions unrelated to his *Miranda* rights that appellant invoked his right to counsel. Appellant's invocation of his right to counsel was also not a response to Hazel asking appellant if he wanted to waive his rights. Though the exact point at which the trial court would have deleted the sound on the videotape is unclear, we will assume that just the audio of appellant's request for counsel would have been deleted.

We hold that there was a sufficient period of time between the reading of appellant's *Miranda* rights and the sound deletion of his request for counsel, such that a

jury would not be led to the conclusion that he invoked his rights. We further hold that it was permissible for the court to allow the jury to hear the audio of the videotape up until appellant's invocation of his right to counsel, and that under this record the trial court did not err in denying appellant's request to suppress the audio of appellant being read his *Miranda* rights. *See Jones,* 795 S.W.2d at 176; *Morris,* 897 S.W.2d at 533.

We overrule appellant's sixth and seventh points of error.

**D. Adequacy of Warning on Refusal to Provide a Breath Specimen**

 In point of error eight, appellant claims that the trial court erred in refusing to suppress the evidence of his refusal to take the breath test. Appellant asserts that his refusal to submit to the breath test is inadmissible, under article 38.23 of the Texas Code of Criminal Procedure, because he was not provided with a written copy of the statutory warnings prior to the request to submit to the breath test.

Appellant was taken to the police station where he was asked to submit a specimen of his breath for testing. Appellant received the oral DWI statutory warning required under section 724.015 of the Texas Transportation Code, at which time he refused to submit to the test. Deputy Hazel did not give appellant the statutory warnings in writing before requesting the specimen, rather the written warning was supplied after appellant had refused to submit to the breath test. Appellant, upon receiving the written warnings, signed the form stating his refusal.

In *Rowland v. State,* 983 S.W.2d 58, 60 (Tex.App.—Houston [1st Dist.] 1998, pet. filed), this Court held that it was not error to deny the appellant's motion to suppress where the appellant received the oral warnings prior to the request to submit to the breath test, but did not show he was

---

1. Appellant in his motion for rehearing suggested that this Court order the videotape to

be sent up from the trial court and review the tape, which this Court has done.

adversely impacted when he did not also receive the written warnings prior to the request to submit to the breath test. *Id.* at 60. In the present case, there also is no evidence in the record that the failure to provide appellant with the written statutory warning prior to the request to submit a specimen impacted appellant in an adverse manner. *See id.* By signing the written warning, appellant asserted that he understood the consequences and reaffirmed his refusal. *See id.* Appellant continued to refuse the test after the oral warnings were provided and he had read and signed the written warnings signifying his reaffirmation of his refusal.[2]

Since appellant has shown no causal connection between his refusal and the fact that he was not given the written warnings before he refused the breath test, we hold that the trial court did not err in refusing to grant the appellant's motion to suppress.

We overrule appellant's eighth point of error.

We affirm the trial court's judgment.

COHEN, Justice, dissenting.

COHEN, Justice, dissenting, on Motion for Rehearing.

I withdraw my previous dissenting opinion dated March 11, 1999, and reissue it here to accompany the majority's opinion on motion for rehearing.

In points six and seven, appellant contends the trial judge should have suppressed the audio of his Miranda warnings. I agree.

Consider the following sequence of events that is routinely encountered in DWI cases:

(1) A police officer reads the defendant his Miranda warnings.

(2) The police officer asks if the defendant will waive his rights.

(3) The defendant refuses and instead invokes his rights. This is all audiotaped, and the State offers it into evidence.

Regarding item 3, the law is clear that the audiotape of the defendant invoking his rights is not admissible. *Hardie v. State,* 807 S.W.2d 319, 321–22 (Tex.Crim.App. 1991) (such evidence is inadmissible because the jury may take it as an inference of guilt). Regarding item 2, the officer asking the defendant to waive his rights, that is also inadmissible. *Dumas v. State,* 812 S.W.2d 611, 614 (Tex.App.—Dallas 1991, pet. ref'd) (error for jury to hear officer give *Miranda* warnings, ask defendant if he would waive, and then for court to turn down the audiotape volume of the defendant's answer because that implied he had invoked his right to remain silent). I agree with the reasoning and the result in *Dumas.*

I agree with the majority that the error asserted in points six and seven differs slightly from that in *Hardie* and *Dumas.* The error asserted here is the same as that in item 1 above, the reading of *Miranda* rights, not the solicitation of their waiver and not their invocation. Yet, appellant contends the effect of the jury hearing the warnings is the same: when, as here, the warnings are followed by silence, the jury can draw only one reasonable conclusion—that appellant refused to waive his rights and instead invoked them. I agree. In this case, the State's only apparent purpose in showing the warnings was to have the jury infer guilt from the exercise of constitutional rights. The Court of Criminal Appeals held that was true in *Hardie* and that such an inference is impermissible. *Hardie,* 807 S.W.2d at 321 n. 7 (the State's only apparent reason to offer the evidence was to prove guilt).

---

2. This case is distinguishable from *Janak v. State,* 826 S.W.2d 803 (Tex.App.—Texarkana 1992, no pet.), which the appellant cites in support of his contentions. In *Janak,* unlike the present case, there was *no* evidence that the written warning was provided to the appellant. *Id.* at 805.

Allowing evidence of *Miranda* warnings followed by appellant's silence would accomplish indirectly what the State could not do constitutionally and directly. The Court of Criminal Appeals has refused to tolerate indirect avoidance of similar evidence rules, even when constitutional rights were not at stake. *See Schaffer v. State*, 777 S.W.2d 111, 114 (Tex.Crim.App. 1989) ("backdoor" hearsay held inadmissible). The fact that *Miranda* rights were read is generally irrelevant because silence in response to them may not be used against a defendant to show guilt. *Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976). *See* Tex.R. Evid. 401. Allowing warnings to be read and followed by silence is inviting the jury to use that silence against the defendant.

I would sustain points of error six and seven, reverse the judgment, and remand the cause for a new trial.