

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-12-00485-CR

___

GIEFRI LAKORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 65,227-E, Honorable Douglas Woodburn, Presiding

___

November 19, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Through a single issue, appellant Giefri Lakore appeals his conviction for driving while intoxicated, third offense or more, and the resulting sentence of confinement in prison for seven years.[1] We will overrule appellant's issue and affirm the judgment of the trial court.

___

[1] See TEX. PENAL CODE ANN. §§ 49.04 & 49.09 (West Supp. 2014).

## Background

During an evening in February 2012, the Amarillo Police Department received a telephone report of a vehicle driving erratically on Interstate 40. Officers were dispatched to investigate and located the vehicle. When the driver failed to properly signal a turn, officers initiated a traffic stop. Appellant was the driver and lone occupant of the vehicle.

During the stop an investigating officer formed the opinion that appellant was intoxicated. At the hearing on appellant's motion to suppress the officer elaborated, "I had detected a strong odor of alcoholic beverage emitting from [appellant's] breath, and whenever he would speak, this odor became much stronger. I noted that he had very bloodshot eyes. He appeared to have uneven balance. He swayed back and forth as he stood. And then the horizontal gaze nystagmus testing, I observed multiple signs of intoxication."

When the officers checked for warrants and similar background information, they learned appellant had two previous convictions for driving while intoxicated. Without a search warrant, they transported appellant to Northwest Texas Hospital to obtain a mandatory, and if necessary involuntary, blood specimen. An officer prepared forms related to the procedure at the hospital.

When appellant refused to authorize a blood specimen, an officer required a registered nurse to draw appellant's blood. The specimen was subsequently analyzed by the Department of Public Safety crime laboratory. The results, presented at trial,

showed 0.304 grams of alcohol per hundred milliliters of blood. This volume, according to further trial testimony, exceeded the legal limit of 0.08 by over three times.

By pre-trial motion, appellant moved to suppress evidence of his blood specimen. The trial court overruled the motion. The case proceeded to trial by jury which found appellant guilty of the charged offense. The trial court imposed the sentence noted and this appeal followed.

## Analysis

Through his sole issue appellant argues, "The trial Court erred in failing to suppress mandatory nonconsensual blood draw evidence wherein the law enforcement officer violated the provisions of Section 724 Texas Transportation Code in violation of Appellant's Fourth Amendment rights." The point of the argument seems to be that appellant's blood was illegally obtained because an officer failed to check a box on the DIC-24 form (indicating that appellant refused the blood draw) and did not mark an icon on the THP-151 form designating which statutory provision authorized an involuntary blood draw.

We review the trial court's ruling on a motion to suppress evidence under an abuse of discretion standard. *Balentine v. State,* 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Oles v. State,* 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). Although we afford almost total deference to the trial court's determination of facts that the record supports, we "review *de novo* the court's application of the law of search and seizure to those facts." *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *see also Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We will sustain the decision of the

trial court if it is correct on any theory of law applicable to the case. *Ross,* 32 S.W.3d at 855-56.

Section 724.011 of the Transportation Code, "expands on the State's search capabilities by providing a framework for drawing DWI suspects' blood in the absence of a search warrant." *Beeman v. State,* 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). If a person is arrested for an offense arising from acts allegedly committed while the person operated a motor vehicle in a public place, the person is deemed to have consented to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration. TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011). Except as provided by section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer. TEX. TRANSP. CODE ANN. § 724.013 (West 2011). However, a peace officer "shall require" a specimen of the person's breath or blood if the officer arrests the person for driving while intoxicated, the person refuses the officer's request to voluntarily submit to the taking of a specimen, and at the time of arrest the officer possesses or receives reliable information from a credible source that on two or more occasions the person was convicted of or placed on community supervision for driving while intoxicated. TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

The form DIC-24, entitled "statutory warning," lists the warnings due a suspect under section 724.015. The purpose of section 724.015 is "to ensure that a person who refuses to give a requested specimen does so with a full understanding of the consequences." *Nebes v. State,* 743 S.W.2d 729, 730 (Tex. App.—Houston [1st Dist.] 1987, no pet.). The DIC-24 also contains a section designating whether police seek a

4

breath or blood specimen. Immediately below is a section where the officer designates by a check mark either the "[s]ubject refused to allow the taking of a specimen and further refused to sign below as requested by this officer OR [the] subject refused to allow the taking of a specimen as evidenced by his/her signature below." In the present case, the officer did not mark an option although appellant signed beneath the second option.

Here, an officer testified he read appellant the DIC-24. Appellant agrees, his brief stating he "refused consent after being read the statutory warnings." Appellant also signed the consent form refusing the blood draw. As noted, his signature appears on the form beneath the wording "subject refused to allow the taking of a specimen as evidenced by his/her signature below." *Cf. Tex. Dep't of Pub. Safety v. Davis,* No. 04-10-00774-CV, 2011 Tex. App. Lexis 5515, at *9-10 (Tex. App.—San Antonio July 20, 2011, no pet.) (mem. op., released for publication) (holding in appeal from administrative driver's license suspension proceeding, where officer did not check either blank on the DIC-24 and defendant did not sign the form, the officer's report indicating defendant was read the statutory warning and refused consent to a specimen was some evidence the officer properly requested a specimen and the defendant refused); *Tex. Dep't of Public Safety v. Jauregui,* 176 S.W.3d 846, 851 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (addressing warning requirements under section 724.015).

To the extent appellant's argument rests on the absence of the officer's check mark on the form DIC-24 indicating whether appellant refused consent and further refused to sign, or refused consent "as evidenced by" his signature, the argument is without merit. Because his signature appears, it is obvious, and it is undisputed,

5

appellant did not refuse to sign the form. Neither Transportation Code section 724.012(b) nor section 724.015 requires an officer to document in any particular manner a suspect's refusal to submit to the taking of a specimen. Appellant presents no authority that his blood draw results must be suppressed because the officer did not place a mark beside the second option on the form DIC-24. His appellate brief accurately states, "[t]he record clearly evidences Appellant did not consent to a blood draw and executed his refusal on the DIC-24."

At the hospital, an officer prepared a form THP-51. The document bears the heading "Statutory Authorization—Mandatory Blood Specimen." It appears as a written order from a peace officer compelling its recipient, in this case a registered nurse, to draw a suspect's blood specimen.[2] The document contains a checklist of facts, any of which under section 724.012(b) authorize a mandatory, involuntary blood draw. Included is the ground here applicable; that is, the suspect on reliable information from a credible source has on two or more occasions been convicted of driving while intoxicated. TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). The officer testified that he neglected to place a check mark in the margin beside this ground.

Form THP-51 is not a notice to the suspect but the order of a peace officer to a health care provider requiring that the professional draw blood from a suspect. Appellant cites us to no provision of Chapter 724 prescribing the contents of the document or mandating its completion as a requirement of section 724.012(b). His argument does not explain how the officer's failure to place the check mark denied him

---

[2] *See State v. Neesley,* 239 S.W.3d 780, 782 n.2 (Tex. Crim. App. 2007) (citing section 724.012(b) and explaining "Form THP-51 . . . is the form that allows a peace officer to require that a hospital perform a mandatory blood drawing").

any constitutionally guaranteed right or otherwise caused him injury. Appellant does not contest the officer's knowledge of his prior convictions and he admits he refused a voluntary blood draw after his arrest. Nothing then remained for compliance with section 724.012(b)(3)(B) but the involuntary blood draw by a qualified person. We find no merit to appellant's argument that an officer's failure to designate with a mark an undisputed fact on a form not required by the applicable statute required suppression of evidence arising from the involuntary blood draw. We overrule appellant's sole issue.[3]

## Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[3] In his brief appellant mentions article 38.23 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Consideration of his appellate complaint under that statutory provision would not lead to a different result. Appellant has not shown how the officer's failure to place check marks on the forms was a violation of the law, nor has he shown a causal connection between that failure and his refusal to consent to the blood draw. *See Rowland v. State*, 983 S.W.2d 58, 60 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (rejecting contention failure to provide written copy of statutory warnings before request to submit to breath test required exclusion under article 38.23 of evidence of refusal); *Jessup v. State*, 935 S.W.2d 508, 511 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (finding no causal connection between officer's failure to give written warning before refusal and defendant's refusal).

7