Michael Bruce **JESSUP**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–95–01365–CR.

Court of Appeals of Texas,
Houston (14 Dist.).

Dec. 5, 1996.

---

J. Gary Trichter, Michael Gerard Pena, Houston, for appellant.

John Harrity, III, Richmond, for appellee.

Before YATES, FOWLER and HUDSON, JJ.

## OPINION

FOWLER, Justice.

Appellant, Michael Jessup, entered a plea of no contest before the trial court to the offense of driving while intoxicated. TEX.PE-NAL CODE ANN. § 49.04 (Vernon 1996). The trial court assessed punishment at 180 days confinement in the Fort Bend County Jail, probated for two years, eighty hours of community service and a $1,000.00 fine. In two points of error, appellant alleges the trial court erred in overruling his motion to suppress and in failing to grant his motion to quash. We affirm.

On November 10, 1994, a Fort Bend County Sheriff's Deputy arrested appellant for driving while intoxicated, took him to the police station, and videotaped him. Deputy Chappell testified that he read appellant his Driver Improvement Control ("DCI") statutory warnings prior to asking appellant to take the breath test. However, Deputy Chappell did not give appellant a written copy of the statutory warnings at that time. Chappell testified that after appellant was asked to take the breath test and he declined, he gave appellant a copy of the written statutory warnings.

## THE STATUTORY WARNINGS

Appellant contends in his first point of error that the trial court erred in denying the motion to suppress testimony concerning his refusal to submit to a breath test. Specifically, appellant alleges the trial court erred in failing to suppress testimony regarding his refusal to take the breath test because he was not provided a *written* copy of the statutory warnings before Deputy Chappell requested him to submit to the breath test and before he refused the request. The trial court granted part of appellant's motion to suppress by ordering the audio portion of the videotape turned off when appellant refused to submit to the breath test, but appellant claims this was not sufficient.

## STANDARD OF REVIEW

In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Posey v. State*, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Because the trial judge is the sole fact finder at a hearing on a motion to suppress, an appellate court is not at liberty to disturb any finding supported by the record. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Rysiejko v. State*, 782 S.W.2d 529, 532 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). An appellate court will not reverse the trial judge's decision on the admissibility of the evidence unless the judge clearly abused his discretion. *Romero*, 800 S.W.2d at 543.

## THE STATUTE

The applicable statute is article 6701*l*-5 [1] of the Texas Revised Civil Statutes. The statute provides in pertinent part:

---

1. *Repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 24(a), TEX.GEN.LAWS 1870.

Sec. 2.(b) Before requesting a person to give a [blood or breath] specimen, the officer shall inform the person *orally and in writing* that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest.

(c) *The officer shall provide the person with a written statement containing the information required by Subsection (b) of this section.* If the person refuses the request of the officer to give a specimen, the officer shall request the person to sign a statement that the officer requested that he give a specimen, that he was informed of the consequences of not giving a specimen, and that he refused to give a specimen.

Sec. 3.(g) If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial. [Emphasis added]

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 §§ 2(b), (c), 3(g) (Vernon Supp.1992) (emphasis added). The underlying purpose of the above-referenced sections is to ensure that a person who refuses to give a requested sample does so with a full understanding of the consequences. *Nebes v. State,* 743 S.W.2d 729, 730 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Clearly the statute contemplates that an officer will give both oral and *written* notice of the consequences of a refusal to give police officers either a breath or blood specimen. *Schaum v. State,* 833 S.W.2d 644, 646 (Tex. App.—Dallas 1992, no pet.).

## THE HEARING ON THE MOTION TO SUPPRESS

The record shows that appellant was arrested for driving while intoxicated in Fort Bend County. Deputy Chappell testified that he had probable cause for stopping appellant because appellant (1) failed to maintain a single marked lane of traffic multiple times, (2) displayed dangerous and erratic driving, and (3) ran another vehicle off the road. Chappell concluded appellant was intoxicated after Chappell noticed a strong odor of alcohol emanating from appellant and heard his slurred speech, and after appellant (1) failed the head tilt test, (2) failed the one leg test, (3) failed the nose touch test, (4) and failed the walk and turn test.

Deputy Chappell testified that after conducting the field sobriety tests he arrested appellant and took him to the police station. At the station, Chappell made a videotape of his conversation with appellant. Although 6701*l*–5 requires that an officer give a person both oral and written warnings about the consequences of refusing to give a breath specimen before asking the person to give a breath specimen, Deputy Chappell did not do this. Instead of giving appellant both an oral and written warning, Deputy Chappell gave appellant only an oral warning before asking appellant to give a breath specimen. After appellant refused to give a specimen, Deputy Chappell gave him the written warnings which appellant signed, acknowledging that he understood them.

Appellant did not attempt to prove that he refused the breath test because he was given the written warnings *after* he refused the breath test or prove that he did not understand the consequences of his refusal. The only evidence in the record regarding appellant's understanding of the warnings is his signature on the warning form, which is unrebutted proof that he understood the warnings.

## DISCUSSION OF POINTS OF ERROR

In his point of error, appellant is claiming that the trial court wrongly allowed testimony about appellant's refusal to take a breathalyzer test because the officer did not give him the written statutory warnings before asking him to submit to the test. Since the officer presented appellant the written statutory warnings after appellant refused to take the test, clearly appellant is objecting to the *timing* in which the warnings were given, not that the officer failed to give him the written

warnings. In fact the evidence clearly shows that after appellant refused to take the test, the officer brought him into an office where the officer presented appellant the written warnings for appellant to read and sign.

We find appellant's timing argument unconvincing for two primary reasons, both of which relate to a failure to show harm. First, the record does not show a causal connection between the refusal to take the test and the failure to give the written warnings. The trial court heard no evidence which would prove that appellant refused to take the test because he did not receive the written warnings before he refused to take the test instead of immediately after. At least one other court of appeals used this same reasoning to dismiss a similar complaint on appeal. In *Harrison v. State*, 766 S.W.2d 600 (Tex.App.—Fort Worth 1989, pet. ref'd), the appellant claimed the trial court wrongfully refused to suppress appellant's refusal to take the breathalyzer test because the article 6701*l*–5 warnings were given by a person other than a peace officer. The court held that although the plain language of article 6701*l*–5 requires that a peace officer give the warnings, the failure of a peace officer to give the warnings does not render a refusal automatically inadmissible under article 38.23 of the Texas Code of Criminal Procedure. *Id.* at 605. The court found that there was no error in admitting evidence of the refusal because no causal connection had been established between the refusal and the fact that a civilian had given the warnings instead of a peace officer.

In reaching this conclusion, the Fort Worth Court compared the complaint to one in which an appellant who was not taken before a magistrate has confessed. The Court of Criminal Appeals has held that the admissibility of such a confession is not affected by the failure to take an accused before a magistrate unless there is some showing of a causal connection between the failure and the confession. *Waller v. State*, 648 S.W.2d 308, 311 (Tex.Crim.App.1983); *Von Byrd v. State*, 569 S.W.2d 883, 893–94 (Tex.Crim.App.1978). We also find the analogy useful and apt.

Appellant cites *Janak v. State*, 826 S.W.2d 803 (Tex.App.—Texarkana 1992, no pet.), in support of his argument that the court should have suppressed any evidence of his refusal to take the test. However, *Janak* is factually distinguishable from this case because in *Janak* there was no evidence that *any* warnings were given regarding the consequences of the breath test refusal. *Id.* at 805. Here, the evidence establishes that both oral and written warnings were given, albeit not in the sequence set forth in the statute.

The second reason we find appellant's argument unconvincing is because appellant had an opportunity to submit to the breathalyzer test after he read the written warnings. If for some reason he did not understand the import of his decision after hearing the warnings orally, he could have changed his mind when he was given the written warnings. The officer testified that he gave appellant the written warnings "as soon as we both went into [an office] together when I started doing my paperwork." By signing the written warnings, appellant confirmed that he understood the consequences of his decision and reaffirmed the decision.

In short, there is evidence in the record that appellant was given both oral and written warnings under article 6701*l*–5 and that he understood these warnings. In addition, appellant failed to establish any causal connection between his refusal and the fact that he was not given the written warnings before he refused the breath test. Finally, when appellant did sign the written warnings, he reaffirmed his earlier decision. Therefore, we do not find that evidence of appellant's breath test refusal was automatically inadmissible and we overrule appellant's first point of error.

## CULPABLE MENTAL STATE

█ In appellant's second point of error, he alleges the trial court erred in overruling his motion to quash the misdemeanor information because it failed to allege a culpable mental state. The Legislature repealed the driving-while-intoxicated statute, and codified the provision in section 49.04 of the Texas Penal Code. The codified provision, effective

September 1, 1994, does not provide for a culpable mental state, *id.*, and neither did the predecessor civil statute. Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 TEX.GEN.LAWS 1568, 1574 [TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (repealed 1994) ].

Section 6.02(b) of the Texas Penal Code provides that "[i]f the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." Subsequently, the Texas Legislature enacted section 49.11 of the Texas Penal Code, effective September 1, 1995, which provides that "[n]otwithstanding section 6.02(b), proof of a culpable mental state is not required for conviction of an offense under this chapter." TEX.PENAL CODE ANN. § 49.11 (Vernon Supp.1996); Act of June 7, 1995, 74th Leg., ch. 318, § 22, 1995 Tex.Sess.Law Serv. (Vernon 2734, 2743).

Appellant argues that when his offense occurred on November 14, 1994, only section 6.02(b) of the Texas Penal Code was in effect, because section 49.11 had not been enacted. Therefore, he claims that a culpable mental state was required in his charging instrument.

This court and several other courts have addressed this issue and held that a culpable mental state need not be alleged or proved in a driving while intoxicated charging instrument. *Pedro Cardenaz Aguirre v. State*, 928 S.W.2d 759 (Tex.App.—Houston [14th Dist.] 1996, n.w.h.); *Chunn v. State*, 923 S.W.2d 728 (Tex.App.—Houston [1st Dist.] 1996, n.w.h.); *Reed v. State*, 916 S.W.2d 591 (Tex.App.—Amarillo 1996, pet. ref'd). *See also Honeycutt v. State*, 627 S.W.2d 417, 424 n. 4 (Tex. Crim.App.1981). We overrule appellant's second point of error.

The judgment of the trial court is affirmed.