Opinion issued November 14, 2002





 












In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00826-CR






RYAN LEIGH SCHAFER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 9912998 






O P I N I O N


 Appellant, Ryan Leigh Schafer, was charged by information with the
misdemeanor offense of driving while intoxicated. (1) After his motion to suppress
evidence was denied, appellant entered a plea of guilty and, pursuant to a plea
bargain, the trial court assessed his punishment at confinement for 100 days, probated
for six months. In his sole point of error, appellant asserts the trial court erred in
denying his motion to suppress the results of a breathalyzer test he took after his
arrest. We affirm.

FACTUAL BACKGROUND

 On March 27, 1999, Officer Willard Cox arrested appellant for D.W.I. 
Appellant was an 18 year-old high school senior. Officer Cox placed appellant in his
squad car and "told [appellant] he was going to [the station] for a breath test." 
Appellant testified he understood this to mean he would be going to the station and
taking a breath test, whether he wanted to or not.

 At the police station, Officer Cox read to appellant warnings contained on a
form "DIC-24"; it is uncontested that the form DIC-24 contained the warnings
required by section 724.015 of the Texas Transportation Code. (2) After being read the
warnings, but without being given a written copy of the warnings, appellant agreed
to take the breathalyzer test. The breath test results showed appellant had an alcohol
concentration of .185 and .178.

 In his motion to suppress the breath test results, and on appeal, appellant
asserted that because the officer failed to provide appellant with a written copy of the
section 724.015 warnings, either before or after requesting appellant to submit to the
breath test, the test results were obtained in violation of the law and should be
suppressed and excluded under article 38.23 of the Texas Code of Criminal
Procedure. Appellant argues that his consent to take the breath test was unknowing
and involuntary as a result of the officer's failure to give appellant the statutory
warnings in writing.

STANDARD OF REVIEW

 A trial court's ruling on a motion to suppress lies within the sound discretion
of that court. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Curry
v. State, 965 S.W.2d 32, 33 (Tex. App.--Houston [1st Dist.] 1998, no pet.). In
reviewing the trial court's ruling, we apply a bifurcated standard of review. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Hernandez v. State,
957 S.W.2d 851, 852 (Tex. Crim. App. 1998). We give almost total deference to the
trial court's determination of historical facts, while we conduct a de novo review of
the trial court's application of the law to those facts. Carmouche, 10 S.W.3d at 327. 
As long as the trial court's findings of fact are supported by the record, this Court will
not disturb them and we will only address the question of whether the trial court
improperly applied the law to the facts. Guzman v. State, 955 S.W.2d 85, 88-89 (Tex.
Crim. App. 1997).

DISCUSSION

 A person arrested for an offense arising out of acts alleged to have been
committed while operating a motor vehicle in a public place while intoxicated is
deemed to have consented to submit specimens of his breath or blood for alcohol
concentration analysis. Tex. Transp. Code Ann. § 724.011 (Vernon 1999).
However, before requesting appellant to submit to the taking of a specimen, the
officer was required to inform appellant "orally and in writing" as follows:

 (1) if the person refuses to submit to the taking of the specimen, that
refusal may be admissible in subsequent prosecution;


 (2) if the person refuses to submit to the taking of the specimen, the
person's license to operate a motor vehicle will be automatically
suspended, whether or not the person is subsequently prosecuted as a
result of the arrest for: 


 (A) not less than 90 days if the person is 21 years of age or
older; or


 (B) not less than 120 days if the person is younger than 21 years of age;


 (3) if the person is 21 years of age or older and submits to the taking of
a specimen designated by the officer and an analysis of the specimen
shows that the person had an alcohol concentration [of .10 or more], the
person's license to operate a motor vehicle will be automatically
suspended for not less than 60 days, whether or not the person is
subsequently prosecuted as a result of the arrest;


 (4) if the person is younger than 21 years of age and has any detectable
amount of alcohol in the person's system, the person's license to operate
a motor vehicle will be automatically suspended for not less than 60
days even if the person submits to the taking of the specimen, but that
if the person submits to the taking of the specimen and an analysis of the
specimen shows that the person had an alcohol concentration [of less
than .10], the person may be subject to penalties less severe than those
provided under Chapter 49, Penal Code.


Act of June 1, 1997, 75th Leg., R.S., ch. 1013, § 34, sec. 724.015, 1997 Gen. Laws
3686, 3698 (Tex. Transp. Code § 724.015, since amended). 


 It is uncontested that the officer read the full section 724.015 warnings to
appellant before the officer requested appellant to submit to the breath test, and
appellant then consented to the breath test. The issue is whether the failure of the
officer to give appellant a written copy of the warnings requires suppression of the
breath test results.

 Article 38.23 of the Texas Code of Criminal Procedure states, in relevant part,
as follows:

No evidence obtained by an officer or other person in violation
of any provisions of the Constitution or laws of the State of
Texas, . . . . shall be admitted in evidence against the accused on
the trial of any criminal case.


Tex. Code Crim. Proc. art 38.23 (Vernon Supp. 2002) (emphasis added). Evidence
is not "obtained . . . in violation of" a provision of law if there is no causal connection
between the illegal conduct and the acquisition of the evidence. Gonzales v. State,
67 S.W.3d 910, 912 (Tex. Crim. App. 2002). The burden is on the defendant to show
a causal connection between the improper warning and the decision to submit to a
breath test. See Sandoval v. State, 17 S.W.3d 792, 796 (Tex. App.--Austin 2000, no
pet.); Tex. Dep't of Pub. Safety v. Rolfe, 986 S.W.2d 823, 827 (Tex. App.--Austin
1999, no pet).

 A person's consent to a breath test is voluntary only if it is not the result of
physical or psychological pressures. See Erdman v. State, 861 S.W.2d 890, 893 (Tex.
Crim. App. 1993); Sandoval, 17 S.W.3d at 795. For example, if the officer requesting
a breath sample misstates the law and includes extra-statutory consequences of
refusal to submit to the breath test, the consent to take the breath test may be
considered to have been involuntarily given. Sandoval, 17 S.W.3d at 795. 

 In the present case, the officer did not misstate the law or mislead appellant in
any way. There is no evidence that appellant consented to the breath test as a result
of physical or psychological pressures asserted upon him by the officer through any
statements of extra-statutory consequences.

 We are aware of only four cases involving an officer giving the required oral
warnings, but failing to give the statutory written warnings before requesting a person
to submit to the taking of specimen. In both Rowland v. State, 983 S.W.2d 58 (Tex.
App.--Houston [1st Dist.] 1998, pet. ref'd), and Jessup v. State, 935 S.W.2d 508
(Tex. App.--Houston [14th Dist.] 1996, pet. ref'd), the officers gave the appellants
only an oral warning before asking them to give breath specimens. Rowland, 983
S.W.2d at 60; Jessup, 935 S.W.2d at 510. After the appellants refused to give
specimens, the officers gave them the written warnings, which the appellants signed,
acknowledging they understood them. Rowland, 983 S.W.2d at 60; Jessup, 935
S.W.2d at 510. The appellate courts held the trial courts did not err in admitting
evidence of the appellants' refusal to take the breath tests because the appellants
failed to establish any causal connection between their refusal to give specimens and
the fact that they were not given the written warnings before they refused the breath
tests, and because, when the appellants did sign the written warnings, they reaffirmed
their earlier decisions to refuse the breath test. Rowland, 983 S.W.2d at 60; Jessup,
935 S.W.2d at 511.

 O'Keefe v. State is similar to Rowland and Jessup, except in O'Keefe the
appellant refused to sign the written statutory warning form that was given to him
after he had already refused to give a specimen upon receiving the oral warnings. 981
S.W.2d 872, 875 (Tex. App.--Houston [1st Dist.] 1998, no pet.). This Court held the
evidence supported the trial court's implied finding that the officer had complied with
section 724.015. Id.

 In Lane v. State, the officer read the statutory warnings to the appellant before
requesting a breath sample, and the appellant agreed to submit to the breath test. 951
S.W.2d 242, 243 (Tex. App.--Austin 1997, no pet.). The officer never gave the
appellant a printed version of the statutory warnings. Id. The appellate court held
that the trial court properly admitted the results of the breath test into evidence
because there was no evidence that the appellant did not understand the warnings or
that his failure to receive the warnings in writing had any impact on his decision to
take the breath test. Id. at 244.

 Appellant argues that these four cases are all distinguishable because of the
evidence appellant presented at the motion to suppress hearing.

 Although there was conflicting evidence about whether the officer actually
gave appellant the written warnings, the trial court specifically found that "there is
insufficient credible evidence to believe that defendant was at any time provided the
written statutory warnings." The evidence supports this finding.

 The trial court further found:

In making its ruling on the motion to suppress, the court
considered all other evidence at face value since the remainder
of the facts were undisputed and thus, involved no resolution of
disputed facts and no other factual decisions by this court.


 Thus, it is apparent the trial court took appellant's undisputed testimony at
"face value," meaning the trial court found appellant's testimony to be credible. The
trial court also had the benefit of the videotape recording of the officer's reading of
the statutory warnings to appellant. At the motion to suppress hearing, appellant
testified, in relevant part, as follows:

- He did not understand the section 724.015 warnings that were
read to him by the officer.


- When he was asked whether he would take a breath test, he
said "yes" because he did not think he had any other choice.


- At the scene of appellant's arrest, the officer told appellant that
he was taking appellant to the station for a breath test; appellant
was under the impression he had no choice about the breath test.


- As a general matter, it is easier for appellant to read through
something and understand it. 


- Appellant first saw the written section 724.015 warnings in his
attorney's office, and now that he has read the form, he
understands he had the choice of refusing the breath test.


- If appellant had known the night of the offense what he knew
at the time of the hearing, appellant would not have consented
to take the breath test.


- The information the officer read to appellant in the video room
was "all kind of jumbled together. It was a little confusing . . . 
I would just say I was confused all together."

 

In response to questioning by the State, regarding his alcohol concentration of .185,
appellant testified, as follows:

Q: Is it possible that you are now here saying you did not
understand the consequences of the test not because he
did not read it clearly and not because you didn't get a
written copy but because you were in fact intoxicated at
the time?


A: I guess it's possible but I remember the night completely.


Q: Who do you think their recollection is going to be better,
someone who was intoxicated to a .185 or someone who
hadn't been drinking at all?


A: I guess I would say who hadn't been drinking at all.

 On redirect examination, appellant testified that he did not believe he was
intoxicated the night of the breath test.

ANALYSIS

 The issue in this case is whether appellant met his burden to show that the
officer's failure to give appellant the section 724.015 warnings in writing caused
appellant to consent to the breath test. The trial judge was able to observe appellant
in the videotape, and was able to hear the reading of the section 724.015 warnings to
appellant. The section 724.015 warnings make it clear a person has the option of
refusing to submit to the taking of a breath specimen. Appellant testified that the
information the officer read to him was "all kind of jumbled together" and that
appellant that night was "confused all together." The evidence showed that appellant
had an alcohol concentration of .185. Appellant was an 18-year-old high school
student. The fact that appellant, when he was sober in his attorney's office reading
the section 724.015 warnings, then understood he had a choice of refusing the breath
test and would not have taken the breath test if he "had known then what he knows
now," does not constitute evidence that, if appellant had been given the written
warnings on the night of the arrest, he would have chosen not to take the breath test.

 We cannot say the trial court abused its discretion when it concluded there was
not a causal connection between appellant's failure to receive the warnings in writing
and his decision to submit to the breath test. Accordingly, we overrule appellant's
sole point of error.


We affirm the trial court's judgment.



 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Nuchia and Price (3)

Publish. Tex. R. App. P. 47.4.
1. Tex. Penal Code Ann. § 49.04 (Vernon Supp. 2002). 
2. Act of June 1, 1997, 75th Leg., R.S., ch. 1013, § 34, sec. 724.015, 1997 Gen.
Laws 3686, 3698 (Tex. Transp. Code § 724.015, since amended). 
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.