Opinion issued September 16, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01263-CR




THE STATE OF TEXAS, Appellant

V.

MEREDITH CAROL WOEHST, Appellee




On Appeal from County Court at Law No. 2
Brazos County, Texas
Trial Court Cause No. 013432-CCL2




O P I N I O N

          The State of Texas appeals from the trial court’s order granting the motion to
suppress of Meredith Carol Woehst, appellee. Woehst was charged with driving while
intoxicated (DWI). See Tex. Pen. Code Ann.§ 49.04 (Vernon 2003). Woehst moved
to suppress the admission of her refusal to submit a breath or blood specimen and the
audio and visual recordings of her refusal on the ground that they had been illegally
obtained by the reading of incorrect statutory warnings as to the effect of her refusal. 
After a hearing, the trial court granted the motion and suppressed the evidence. In
two issues, the State argues that the trial court erred in suppressing the evidence
because (1) a refusal to take a blood-alcohol test cannot be involuntary or coerced
and, therefore, cannot be obtained in violation of law and rendered inadmissible and
(2) the only possible effect of the officer’s reading the incorrect warning relates to the
suspension of Woehst’s driver’s license, not the admissibility at her DWI trial of her
refusal to take the breath test. We affirm. 
Background
          On October 4, 2001, College Station Police Officer Miguel Vasquez initiated
a traffic stop of Woehst’s vehicle and subsequently arrested Woehst for DWI. 
          The current version of the Texas Transportation Code provides that a person
arrested for DWI must be informed that, if the person is 21 years of age or older,
submits to the taking of a specimen, and the specimen shows that the person had an
alcohol concentration of a level specified by Chapter 49 of the Texas Penal Code,
then the person’s license to operate a motor vehicle will automatically be suspended
for not fewer than 90 days. Tex. Transp. Code Ann. § 724.015(3) (Vernon Supp.
2004-05). A person must also be warned that two specific consequences will result
from a refusal to submit to a breath test: (1) the person’s driver’s license will be
suspended automatically for not fewer than 180 days and (2) evidence of the refusal
is admissible against the person in court. Tex. Transp. Code Ann. § 724.015(1), (2)
(Vernon Supp. 2004-05). 
          At the police station, Officer Vasquez read Woehst a 1999 statutory warning
form (1999 DIC-24) informing her of the outdated consequences for refusing to
provide a blood or breath sample: that her license would be suspended for not fewer
than 90 days and that evidence of her refusal would be admissible against her in
court. At the time of Woehst’s arrest, the 1999 DIC-24 form had already been
replaced by a 2001 version. In 2001, the Legislature amended the statute to lengthen
the minimum period that a driver’s license automatically would be suspended upon
refusal to submit to the taking of a specimen to not fewer than 180 days, rather than
the previous 90 day minimum suspension. The 2001 statute applied to persons
arrested for an offense committed on or after September 1, 2001. See Tex. Transp.
Code Ann. § 724.015 (Vernon Supp. 2004-05). Because Woehst was arrested after
September 1, 2001, the Texas Transportation Code required Officer Vasquez to
inform Woehst of the consequences set forth in the 2001 statute instead of the 1999
statute. The State stipulated in the trial court that Officer Vasquez had read Woehst
the outdated 1999 form. 
          Woehst moved to suppress the breath-test refusal and the videotaped portions
of her refusal on the ground that, had been given the proper statutory warning, she
would have had a stronger incentive to take the breath test. At the hearing on her
motion, Woehst argued that Officer Vasquez’s failure to provide the correct statutory
warnings violated section 724.015 of the Transportation Code and, thus, that her
refusal to provide a breath specimen was (1) involuntary and inadmissible under the
self-incriminatory provisions of the federal and state constitutions


 and (2)
inadmissible under Texas’s exclusionary rule, article 38.23 of the Code of Criminal
Procedure.


 The trial court found in Woehst’s favor and suppressed the refusal and
its recordings. 
Standard of Review
          A trial court’s ruling on a motion to suppress lies within its discretion. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). A trial court abuses
its discretion if it refuses to suppress evidence that is obtained in violation of the law
and that is, therefore, inadmissible under Article 38.23 of the Code of Criminal
Procedure. Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993). 
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to a trial court’s determination of
historical facts, while we conduct a de novo review of a trial court’s application of
the law to those facts. Id. (citing Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim.
App. 1997)). During a motion-to-suppress hearing, a trial court is the sole trier of
fact; accordingly, the trial court may choose to believe or to disbelieve all or any part
of a witness’s testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000); King v. State, 35 S.W.3d 740, 742 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). When no findings of fact are filed, we must view the evidence in the light most
favorable to the ruling and sustain the decision if it is correct on any applicable theory
of the law. Ross, 32 S.W.3d at 855-56; King, 35 S.W.3d at 742. When reviewing the
ruling, we must consider only whether the trial court improperly applied the law to
the facts. Porter v. State, 938 S.W.2d 725, 727 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d). If any basis for the trial court’s ruling is correct, its order to
suppress must be upheld. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990). 
Exclusion of Breath-Test Refusal
          In its first issue, the State contends that (1) Texas’s exclusionary statute, article
38.23(a) of the Code of Criminal Procedure, requires the exclusion only of illegally
obtained evidence; (2) the refusal to give a breath specimen would be obtained
illegally only if it were involuntary; and (3) a refusal to give a breath specimen cannot
be involuntary unless it is coerced, and it cannot be coerced. Therefore, the State
contends that Woehst’s refusal should not have been suppressed. See Tex. Code
Crim. Proc. Ann. art.38.23(a) (Vernon Supp. 2004-05).
          In her motion to suppress, Woehst relied primarily on Erdman v. State, 861
S.W.2d 890 (Tex. Crim. App. 1993).


 However, Woehst also relied on the effect of
the officer’s Transportation Code violation regarding the statutory consequences of
refusing a breath test and, particularly, the influence that the violation had on
Woehst’s decision to refuse to take the breath test. The trial court suppressed the
refusal based upon both reasons, deciding that it was “required by logic in Erdman to
exclude the evidence of the warning and of the refusal” and that because the
“statute’s [section 724.015] not followed, then the results should not go in front of the
jury.” 
          On appeal, the State first challenges the constitutional basis involving coercion, 
arguing that Erdman does not apply to the uncoerced refusal to take a breath test in
a DWI case; rather, the State argues that Erdman governs the exclusion of a breath
test obtained by coerced consent. Relying primarily on South Dakota v. Neville, 459
U.S. 553, 103 S. Ct. 916 (1983), the State argues that, unlike consent, a refusal to
provide a breath specimen in a DWI case cannot be involuntary. 
          Second, to the extent the State addresses the statutory basis for suppression of
the evidence, the State argues that reading admittedly factually incorrect statutory
warnings does not require suppression of Woehst’s refusal under any circumstances
for the same reason that it does not require suppression on constitutional
grounds—the refusal can never be involuntary. The State fails to consider, however,
the different analysis that a trial court should undertake to determine admissibility in
response to a claim of a statutory violation. See Pham v. State, 72 S.W.3d 346, 346
(Tex. Crim. App. 2002) (in reversing Pham v. State, 36 S.W.3d 199, 204 (Tex.
App.—Houston [1st Dist.] 2000), holding that a statutory violation requires a causal-
connection analysis in addressing a statutory violation).
          By law, the Transportation Code requires that a person suspected of having
committed the offense of DWI be (1) given the opportunity to take a breath test and
(2) warned both that the failure to take the test may be admissible in a subsequent
prosecution and that the failure will automatically result in the suspension of his or
her driver’s license for not fewer than 180 days—the statutory amount of time. Tex.
Transp. Code Ann. § 724.015(1)-(2). These statutory warnings “emphasize the
importance of ensuring that the consent is given ‘freely and with a correct
understanding of the actual statutory consequences of refusal.’” Sandoval v. State,
17 S.W.3d 792, 795 (Tex. App.—Austin 2000, pet. ref’d) (citing Erdman, 861
S.W.2d at 893). In the present case, Woehst was warned that if she refused to give
a specimen, her license would be suspended for not fewer than 90 days. This warning
is admittedly factually inaccurate. In reality, her refusal would result in her license’s
being suspended for not less than 180 days, and the Transportation Code requires that
this exact warning be given to a suspect. See Tex. Transp. Code Ann. § 724.015(2). 
The failure to warn Woehst of the accurate statutory consequences of her refusal thus
violated the Transportation Code. 
          We acknowledge, however, that “[e]vidence is not‘obtained in violation’ of a
provision of law if there is no causal connection between the illegal conduct and the
acquisition of the evidence.” Gonzales v. State, 67 S.W.3d 910, 912 (Tex. Crim. App.
2002) (citing Roquemore v. State, 60 S.W.3d 862, 870 (Tex. Crim. App. 2001));
Schafer v. State, 95 S.W.3d 452, 455-56 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d) (holding that trial court did not err in concluding that there was no causal
connection between appellant’s failure to receive DWI warnings in writing and his
decision to submit to breath test). Therefore, in order for Woehst’s refusal to be
excluded, there must be a causal connection between her refusal and the State’s
violation of section 724.015(2) of the Transportation Code. 
          Unlike in Schafer, in this case, the trial court concluded that Woehst had
demonstrated the existence of a causal connection between her refusal and the
officer’s violation of the Transportation Code. See Gonzales, 67 S.W.3d at 912. At
the pre-trial hearing, the following exchange occurred on direct examination:
[Defense Counsel]: Had you known that the proper
Statutory Warning—if you had a correct understanding of
the actual statutory consequences of the refusal, that is,
specifically that your license would have been suspended
for not 90 days but for actually 180 days, would that have
affected your decision whether or not to submit a breath or
blood specimen?
 
[Ms. Woehst]: It would have given me more of an
incentive to take the test. 
 
[Defense Counsel]: Why?
 
[Ms. Woehst]: Just because it’s more days of the
suspension.
 
[Defense Counsel]: Okay. Did it act—did it play a role in
your decision—and I say that—when I say this, if you had,
in fact, been given the correct statutory period of
suspension, that would have, in fact, influenced your
decision whether to submit a breath specimen or not submit
a breath specimen; is that right? 
 
[Ms. Woehst]: Yes, sir. 

          On cross-examination, Woehst could not explain why the officer’s reading of
the wrong minimum suspension period affected her.


 Woehst admitted that she did
not feel coerced to refuse to provide a specimen and that she understood the form as
it was explained to her. The prosecutor asked Woehst if she wanted the trial court to
believe that she would have provided a specimen because the minimums for refusing
had increased. Woehst responded affirmatively. On redirect, Woehst also testified
that the length of suspension would have had some influence or some effect on her
life.
          Viewing the evidence in the light most favorable to the trial court’s ruling, and
deferring to the trial court’s determination of facts, especially when they are based,
as they are here, on an evaluation of credibility and demeanor, we hold that the trial
court did not abuse its discretion in suppressing Woehst’s refusal. Woehst
established a causal connection, by showing that the officer’s misinformation and
failure to provide a proper warning had caused her to refuse to consent to the breath
test, and the trial court implicitly found her to be credible. Article 38.23 of the Code
of Criminal Procedure, therefore, requires exclusion of the refusal evidence. See
Schafer, 95 S.W.3d at 455, 457; Jessup v. State, 935 S.W.2d 508, 511 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d). We disagree with the dissenting
opinion, which would find no causal connection as a matter of law absent coercion
and thus that a trial court could never find that a refusal was caused by a statutory
violation. 
          We overrule the State’s first issue. Because our ruling is dispositive of the
appeal, we do not address the State’s second issue as to the alleged constitutional
violations.
Conclusion
          We affirm the trial court’s order granting appellee’s motion to suppress. 
 
 
                                                                       Tim Taft
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Bland.
Justice Keyes, dissenting.
Publish. Tex. R. App. P. 47.2(b).