Robin Lynn Anderson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-169-CR

ROBIN LYNN ANDERSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Robin Lynn Anderson of driving while intoxicated (DWI), and the trial court sentenced him to ten days’ confinement in Tarrant County Jail and a $250 fine.  Appellant brings two points on appeal, arguing that the trial court erred by failing to suppress his refusal to submit to a breath test and by admitting his refusal to answer questions into evidence.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

In his first point, Appellant contends that the trial court erred by failing to suppress his refusal to submit to a breath test because the police requested that he take the test without giving him the statutory warnings in writing.  Before an officer may request a breath specimen from a person arrested for DWI, the officer must inform the person of two consequences of refusing to submit a specimen:  (1) a refusal may be admissible in a subsequent prosecution, and (2) the persons driver’s license will be automatically suspended.
(footnote: 2)  The statute requires that the officer provide these warnings both orally and in writing.
(footnote: 3)  The fact that the arresting officer gives an oral warning but fails to give a written warning before requesting a breath test does not, by itself, render the results of the test inadmissible.
(footnote: 4)  There must be some showing of a causal connection between the failure to give the written warning and the defendant’s refusal to submit to the breath test to render the refusal inadmissible.
(footnote: 5)
 The arresting officer, Officer Rhodes, testified that he provided the oral warnings while Appellant was in the police car after his arrest.  He then requested a breath sample, which Appellant refused.  Officer Rhodes did not give Appellant the written copy of the warnings.  Instead, Officer Rhodes testified that he saw Appellant get a copy of the warnings later at the jail. Officer Rhodes testified that although he had said on the videotape that he provided Appellant a written copy of the DIC-24 warnings, the statement was not true.  It is uncontroverted that Appellant received the statutory oral warning before being asked to submit to the breath test.  After being provided the oral warning, Appellant refused to submit the breath sample.

Appellant complains that he was never provided an opportunity to take a breath test after he received a written copy of the warnings.  Appellant did not contend at trial, nor does he contend on appeal, that he did not understand the oral warnings or the consequences of his refusal.  Nor does he contend that he was never provided the written warnings or that his refusal was based on the officer’s failure to give him the written warnings before he refused to provide a breath sample.  Indeed, State’s Exhibit One reveals that Appellant agreed to sign the DIC-24 form when he arrived at the jail to commemorate his refusal.  Because we hold that Appellant has shown no causal connection between his refusal to take the breath test and the officer’s failure to provide written warnings before asking for the breath sample, we overrule Appellant’s first point.
(footnote: 6)
 In his second point, Appellant argues that the trial court erred by admitting into evidence his refusal to answer questions.  The State argues that Appellant did not unequivocally and unambiguously invoke his right to remain silent.  We agree with the State.
(footnote: 7)
 Appellant had a right to refuse to answer any questions.
(footnote: 8)  He also had a right to terminate the interview at anytime.
(footnote: 9)  Appellant, however, answered questions selectively.  He did not terminate the interview.  He answered the first question about having something in his mouth, but declined the second question about whether he was operating a vehicle.  He answered questions concerning his present location, his travel route, his destination, his starting point, what he had been doing during the past three hours, and who he had been with.  He answered questions about the date, the time of day, the day of the week, when he last ate, and what he had had for supper.  He refused, however, to answer specific questions about drinking.  While it is clear that the prosecution cannot use a defendant’s post-arrest silence to impeach him at his trial,
(footnote: 10) an accused may not selectively invoke his right to remain silent.
(footnote: 11)  Consequently, we hold that the trial court did not abuse its discretion by admitting the portion of the videotape in which Appellant refused to answer specific questions while answering others.  We overrule Appellant’s second point.

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. Transp. Code Ann.
 § 724.015 (Vernon 1999).

3:
Id.

4:
Lane v. State
, 951 S.W.2d 242, 244 (Tex. App.—Austin 1997, no pet.).

5:
Jessup v. State
, 935 S.W.2d 508, 511 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d).

6:
See id
. at 510-11.

7:
See Dowthitt v. State
, 931 S.W.2d 244, 257 (Tex. Crim. App. 1996) (“[A]n officer need not stop his questioning unless the suspect's invocation of rights is unambiguous, and the officer is not required to clarify ambiguous remarks.”).

8:
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 2(a)(1) (Vernon 2005).

9:
See
 
id.
 § 2(a)(5).

10:
Doyle v. Ohio
, 426 U.S. 610, 618, 96 S. Ct. 2240, 2245 (1976).

11:
See Connecticut v. Barrett
, 479 U.S. 523, 529, 107 S. Ct. 828, 832 (1987).