COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-169-CR

 

 

ROBIN LYNN
ANDERSON                                                      APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT
COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted
Appellant Robin Lynn Anderson of driving while intoxicated (DWI), and the trial
court sentenced him to ten days= confinement in Tarrant County Jail and a $250
fine.  Appellant brings two points on
appeal, arguing that the trial court erred by failing to suppress his refusal
to submit to a breath test and by admitting his refusal to answer questions
into evidence.  Because we hold that the
trial court did not err, we affirm the trial court=s
judgment.








In his first point,
Appellant contends that the trial court erred by failing to suppress his
refusal to submit to a breath test because the police requested that he take
the test without giving him the statutory warnings in writing.  Before an officer may request a breath
specimen from a person arrested for DWI, the officer must inform the person of
two consequences of refusing to submit a specimen:  (1) a refusal may be admissible in a subsequent prosecution, and
(2) the persons driver=s license will be automatically suspended.[2]  The statute requires that the officer
provide these warnings both orally and in writing.[3]  The fact that the arresting officer gives an
oral warning but fails to give a written warning before requesting a breath
test does not, by itself, render the results of the test inadmissible.[4]  There must be some showing of a causal
connection between the failure to give the written warning and the defendant=s refusal
to submit to the breath test to render the refusal inadmissible.[5]

The arresting
officer, Officer Rhodes, testified that he provided the oral warnings while
Appellant was in the police car after his arrest.  He then requested a breath sample, which Appellant refused.  Officer Rhodes did not give Appellant the
written copy of the warnings.  Instead,
Officer Rhodes testified that he saw Appellant get a copy of the warnings later
at the jail. Officer Rhodes testified that although he had said on the
videotape that he provided Appellant a written copy of the DIC-24 warnings, the
statement was not true.  It is
uncontroverted that Appellant received the statutory oral warning before being
asked to submit to the breath test. 
After being provided the oral warning, Appellant refused to submit the
breath sample.








Appellant complains
that he was never provided an opportunity to take a breath test after he
received a written copy of the warnings. 
Appellant did not contend at trial, nor does he contend on appeal, that
he did not understand the oral warnings or the consequences of his refusal.  Nor does he contend that he was never
provided the written warnings or that his refusal was based on the officer=s
failure to give him the written warnings before he refused to provide a breath
sample.  Indeed, State=s
Exhibit One reveals that Appellant agreed to sign the DIC-24 form when he
arrived at the jail to commemorate his refusal.  Because we hold that Appellant has shown no causal connection
between his refusal to take the breath test and the officer=s
failure to provide written warnings before asking for the breath sample, we
overrule Appellant=s first point.[6]

In his second point,
Appellant argues that the trial court erred by admitting into evidence his
refusal to answer questions.  The State
argues that Appellant did not unequivocally and unambiguously invoke his right
to remain silent.  We agree with the
State.[7]








Appellant had a
right to refuse to answer any questions.[8]  He also had a right to terminate the
interview at anytime.[9]  Appellant, however, answered questions
selectively.  He did not terminate the
interview.  He answered the first
question about having something in his mouth, but declined the second question
about whether he was operating a vehicle. 
He answered questions concerning his present location, his travel route,
his destination, his starting point, what he had been doing during the past
three hours, and who he had been with. 
He answered questions about the date, the time of day, the day of the
week, when he last ate, and what he had had for supper.  He refused, however, to answer specific
questions about drinking.  While it is
clear that the prosecution cannot use a defendant=s post-arrest silence to impeach him at his trial,[10]
an accused may not selectively invoke his right to remain silent.[11]  Consequently, we hold that the trial court
did not abuse its discretion by admitting the portion of the videotape in which
Appellant refused to answer specific questions while answering others.  We overrule Appellant=s second
point.

 

 

 

 

 








Having overruled
Appellant=s two points, we affirm the trial court=s judgment.

 

LEE ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT,
WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 23, 2006











[1]See Tex. R. App. P.
47.4.





[2]Tex. Transp. Code Ann. ' 724.015 (Vernon 1999).





[3]Id.





[4]Lane v. State,
951 S.W.2d 242, 244 (Tex. App.CAustin 1997, no pet.).





[5]Jessup v. State,
935 S.W.2d 508, 511 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d).





[6]See id. at
510-11.





[7]See Dowthitt v. State, 931 S.W.2d 244, 257 (Tex. Crim. App. 1996) (A[A]n
officer need not stop his questioning unless the suspect's invocation of rights
is unambiguous, and the officer is not required to clarify ambiguous remarks.@).





[8]See Tex. Code Crim. Proc. Ann. art. 38.22, ' 2(a)(1)
(Vernon 2005).





[9]See id.
' 2(a)(5).





[10]Doyle v. Ohio,
426 U.S. 610, 618, 96 S. Ct. 2240, 2245 (1976).





[11]See Connecticut v. Barrett, 479 U.S. 523, 529, 107 S. Ct. 828, 832 (1987).