

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | | No. 08-13-00305-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 6 |
| | § | |
| KAITLYN AMANDA DORR, | | of Collin County, Texas |
| | § | |
| Appellee. | | (TC# 006-86150-2012) |
| | § | |

## **O P I N I O N**

The State of Texas appeals from an order suppressing a blood specimen and all evidence related to the blood test including the results. We sustain the State's sole issue, reverse the suppression order, and remand for trial.

## **FACTUAL SUMMARY**

On July 5, 2012, police officers employed by the McKinney Police Department arrested Kaitlyn Amanda Dorr for driving while intoxicated. A police officer erroneously read the 2001 version of the DIC-24 to Dorr rather than the 2011 version and she consented to providing a specimen of her blood.

Dorr filed a motion to suppress the blood specimen and all evidence related to it, including the results, based on her generalized claim that the actions of the police officer violated

her constitutional and statutory rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure. Her motion did not specify the actions of the officers or explain how they violated the constitutional guarantees.

At the suppression hearing, Dorr's attorney clarified that the officer's reading of the outdated DIC-24 to Dorr was the sole basis for the motion to suppress. The parties presented the motion to suppress based on limited evidence and stipulated facts. Neither party put on testimonial evidence. The State introduced the DIC-24 (State's Exhibit 1) and the in-car video (State's Exhibit 2). It also stipulated that the blood specimen had been taken without a warrant. Dorr introduced into evidence copies of the 2005 and 2011 versions of the DIC-24 (Defendant's Exhibits 1 and 2 respectively). Dorr stipulated that she voluntarily provided the blood specimen, but she argued that the motion to suppress should be granted because the officer had read the wrong version of the DIC-24 to her. The trial court granted the motion to suppress.

## DWI STATUTORY WARNINGS

In its sole issue, the State contends that the trial court erred by granting the motion to suppress because the reading of the outdated DIC-24 statutory warnings did not have any causal effect on Dorr's decision to provide a specimen of her blood for testing.[1] Dorr's brief does not attempt to show any causal connection between the statutory violation and the seizure of a specimen of her blood pursuant to her consent. To the contrary, Dorr asserts, as she did at the suppression hearing, that the evidence had to be suppressed simply because the officer read the old version of the DIC-24 to her.

*Standard of Review and Applicable Law*

---

[1] The Texas Supreme Court transferred this appeal from the Fifth Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order. We will apply precedent of the Fifth Court of Appeals pursuant to TEX.R.APP.P. 41.3.

A bifurcated standard of review is utilized when reviewing a trial court's ruling on a motion to suppress. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); *State v. Alderete*, 314 S.W.3d 469, 472 (Tex. App.--El Paso 2010, pet. ref'd), *citing St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). An appellate court must give almost total deference to the trial court's assessments of historical fact and conclusions of law with respect to mixed questions of law and fact that turn on credibility and demeanor. *State v. Saenz*, 411 S.W.3d 488, 494 (Tex.Crim.App. 2013); *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex.Crim.App. 2012). In this case, however, the operative facts were essentially agreed to by the parties and the trial court was not called upon to evaluate credibility and demeanor. Consequently, we will review *de novo* the trial court's application of legal principles to the specific facts presented. *See Johnson v. State*, 414 S.W.3d 184, 192 (Tex.Crim.App. 2013); *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008); *Alderete*, 314 S.W.3d at 472.

Section 724.015 of the Transportation Code requires an officer to provide certain information orally and in writing before requesting a specimen of a person's breath or blood for analysis to determine alcohol concentration. TEX.TRANSP.CODE ANN. § 724.015 (West Supp. 2014). The DIC-24 is the Texas Department of Public Safety's standard form containing the written warnings required by Section 724.015. *See Martin v. Department of Public Safety*, 964 S.W.2d 772, 773 (Tex.App.--Austin 1998, no pet.). The parties agree that the only difference between the 2001 and 2011 versions is that the latter includes an additional warning: "If you refuse to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from you." *See* TEX.TRANSP.CODE ANN. § 724.015 ("Before requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing that . . . (3) if the person refuses to submit to the taking of a specimen, the officer may

apply for a warrant authorizing a specimen to be taken from the person . . . .").

Article 38.23, commonly referred to as the Texas exclusionary rule, provides that evidence obtained in violation of any federal or state law may not be admitted against the accused in the trial of a criminal case. TEX.CODE CRIM.PROC.ANN. art. 38.23 (West 2005). This does not mean that every statutory violation invokes the exclusionary rule. The Court of Criminal Appeals has consistently interpreted Article 38.23 to mean that evidence is obtained in violation of the law only if there is some causal connection between the illegal conduct and the acquisition of evidence. *See Wehrenberg v. State*, 416 S.W.3d 458, 468 (Tex.Crim.App. 2013); *Roquemore v. State*, 60 S.W.3d 862, 870 (Tex.Crim.App. 2001); *State v. Daugherty*, 931 S.W.2d 268, 270 (Tex.Crim.App. 1996); *Schafer v. State*, 95 S.W.3d 452, 455 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd). If there is no causal connection, then the evidence cannot be said to have been obtained in violation of the law and is not subject to exclusion. *Wehrenberg*, 416 S.W.3d at 468; *Daugherty*, 931 S.W.2d at 270-71; *Sorto v. State*, 173 S.W.3d 469, 487 n.71 (Tex.Crim.App. 2005); *State v. Purdy*, 244 S.W.3d 591, 595 (Tex.App.--Dallas 2008, pet. ref'd). It is the moving party's burden to produce evidence showing this causal connection between the officer's violation of the law and the collection of the evidence. *Pham v. State*, 175 S.W.3d 767, 774 (Tex.Crim.App. 2005); *Schafer*, 95 S.W.3d at 455.

*Analysis*

For the blood evidence to be excluded, the record must show there is a causal connection between the officer's failure to warn Dorr that he could obtain a warrant for her blood if she refused to consent and Dorr's decision to submit to a blood test. *See State v. Woehst*, 175 S.W.3d 329 (Tex.App.--Houston [1st Dist.] 2004, no pet.)(holding that the trial court correctly suppressed the evidence because a causal connection existed between defendant's refusal to

submit breath or blood specimen and officer's inaccurate warning that if she refused, her license would be suspended for not fewer than 90 days, rather than not fewer than 180 days; defendant testified she would have consented if she had been properly warned that her license would be suspended for not fewer than 180 days). Dorr did not testify at the suppression hearing and the record does not contain any other evidence showing that the statutory violation had any impact on her decision to consent to the blood test. Having stipulated that she voluntarily provided the blood specimen, Dorr instead took the position in the trial court that the statutory violation automatically required suppression and the trial judge expressed that same sentiment when he granted the motion to suppress at the conclusion of the hearing. As noted by the State, warning a suspected intoxicated driver that the officer may apply for a warrant to obtain a specimen if the driver refuses to consent actually makes it *more likely* that the driver will voluntarily provide the specimen. The officer's failure to give Dorr this warning could not have had an impact on her decision to consent. Because Dorr failed to establish that there is any causal connection between the officer's failure to provide this warning and Dorr's decision to consent, we conclude that the evidence was not obtained in violation of Section 724.015, and therefore, the exclusionary rule does not require suppression of the evidence. *See Schafer*, 95 S.W.3d at 455-57 (in case where defendant was given oral statutory warnings, including the warning that he had a right to refuse to consent, but he was not given the same warnings in writing, and defendant testified that he did not understand the warnings on the night they were given, court of appeals held that the exclusionary rule did not apply because there was no evidence that the statutory violation affected the acquisition of the breath specimen; court found that defendant's testimony did not show that he would have refused to consent if he had been provided with the written statutory warnings). Accordingly, we sustain the sole issue presented, reverse the trial court's order

suppressing the evidence, and remand the cause for trial.

February 13, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)